## Tucci v. Long Transportation Company

*Donald Laird Hankey*, for plaintiff.

*James Louis Nardelli* and *Ralph W. Spencer*, for defendant.

WEISS, P. J., January 15, 1969.—The question presented by the instant case is: as between lessor and

lessee of a trailer (truck), who shall bear the risk of loss where the leased trailer is stolen while in the possession of lessee?

Plaintiff lessor brought an action in trespass against defendant lessee to recover damages allegedly sustained by reason of theft, by parties unknown, of the leased trailer, the trailer having been in the possession of defendant lessee at the time of the theft. Lessee pleaded provisions of the lease agreement between the parties as an affirmative defense and particularly those provisions whereby plaintiff lessor was required to save harmless the lessee from such losses by theft under all circumstances. The case proceeded to trial by jury, but at the conclusion of plaintiff's case, defendant's motion for a compulsory nonsuit was sustained by the trial judge and a nonsuit entered against plaintiff. Plaintiff filed a timely motion to take off the nonsuit entered.

We have reviewed the record in this case and find that plaintiff offered no evidence whatever to impair the validity of the lease agreement. Where, as here, the parties have agreed between themselves that the risk of loss is to be borne by lessor and there are no overriding circumstances, we cannot shift the risk of loss to lessee. We also note that plaintiff did not pursue his posttrial motion by oral or written argument and presumably has abandoned the same. After carefully reviewing the evidence in this case, we are of the opinion that the judgment of nonsuit was properly entered.

### ORDER

And now, to wit, January 15, 1969, after due and careful consideration of plaintiff's motion to take off compulsory nonsuit, and the entire record, it is now ordered, adjudged and decreed that plaintiff's motion to take off compulsory nonsuit shall be and hereby is refused and the judgment of nonsuit entered at the above captioned case shall be and hereby is affirmed.